Bigger, J.
In this case upon the trial and at the conclusion of the plaintiff’s evidence, the defendant, the T. & O. C. Railway Company, demurred to the evidence, which demurrer was sustained. The action was brought by the plaintiff against the defendants jointly, upon a claim of personal injuries sustained by the plaintiff while a'passenger upon a train of the Kanawha & Michigan Railway Company, due, it'is alleged, to the joint negligence of the agents and servants of both companies in negligently permitting a collision between the train of the Kanawha & Michi *348 gan Railway Company, upon which the plaintiff was a passenger, and a train of the Toledo & Ohio Central Railway Company. The two companies, it is alleged, were operating their trains over the same track under some traffic arrangement to the plaintiff unknown, by which the two companies used the tracks in common. Interrogatories were attached to the petition asking a disclosure from the defendant companies as to the nature and extent of this traffic arrangement. Both in answer to the interrogatories and in answer to the petition, each of the defendants denied that there was any traffic arrangement by which the two companies used the tracks in common between the points where the piaintiff took passage and this city.
The evidence discloses the following facts: That the plaintiff took passage upon a train of the Kanawha & Michigan Railway Comjmnv upon the line of its road, at the village of Chauncey, in Athens county, Ohio; that the Kanawha & Michigan Railway intersects the Toledo & Ohio Central Railway at Corning, Ohio, at which point passengers destined to points on the Toledo & Ohio Central Railway change to its line, and that the fares of such passengers are divided between the two roads in proportion to the distance traveled by the passenger over the respective lines; that in the yards at Corning, or at some point near there, an engine and cut of ears belonging to the Toledo & Ohio Central Railway Company were being moved upon the tracks of the Kanawha & Michigan Railway Company, being, however, entitled to operate there and being without any fault or negligence, but through the negligence of the agents and servants of the Kanawha &.Michigan Railway Company operating its train, the collision occurred. There being no evidence whatever of any negligence upon the part of the "agents and servants of the Toledo & Ohio Central Railway Company, its demurrer to the evidence was sustained.
The Kanawha & Michigan Railway Company by its answer objected to the jurisdiction of the court over its person, and. not waiving that objection but expressly reserving its right in that behalf, answered to the merits.. The Kanawha & Michigan Railway Company does not own any line of railway passing *349 through or extending into this county, and upon the sustaining of the demurrer of the Toledo & Ohio Central Railway Company to the evidence, .it renewed its objection to the jurisdiction of the court over its person, which objection was sustained, and the Kanawha & Michigan Railway Company was dismissed from the case for want of jurisdiction of its person.
The plaintiff has filed a motion for a new trial upon the ground that the court erred in sustaining the demurrer to the evidence by the Toledo & Ohio Central Railway Company and dismissing it from the action, and erred in dismissing the Kanawha & Michigan Railway Company upon its objection to the jurisdiction.
Being clear that there was no evidence whatever in the case tending to show the liability of the Toledo & Ohio Central Railway Company for the accident and injury, I am still of the same opinion.
It further appeared from the evidence in the case that the two railroad companies have the same president, but are separate and independent corporations ojmratecl under different management, excepting that the same individual is president of both comjianies; and it also appears that the principal office of both companies is located in this county. This raises the question as to the proper construction of Section 502-4 -of the Revised Statutes. That section of the statutes is found in chapter four of division two, title one, which provides -where actions may be brought.
I gave careful consideration, as a matter of course, to the statute at the time when the case was tried and before deciding that the court had no jurisdiction over the Kanawha & Michigan Railway Company after finding that there was no cause of action against the Toledo & Ohio Central Railway Company.
Counsel representing the plaintiff, however, has earnestly contended that that ruling was erroneous and has filed an elaborate ■ brief upon the question. I have, therefore, given careful consideration to the question a second time, and a more thorough study of thea statute than it was possible to give it at the time of trial.
*350 It is urged that the provisions of Section 5024, Revised Statutes, are only an extension of the general jurisdiction provided for as to corporations in Section 5023, and that the provisions of Section 5023 are applicable to railroad companies as well as other corporations, and for that reason the Kanawha & Michigan Railway Company having an office — and indeed its principal office — in this county — it may be sued in this county, counsel contending that the word “may” used in both Section 5023 and Section 5024 must be read “may” and not “must”; while counsel for the defendants claim that “may” must be read “must” in this section. My attention is called to the decision of the court in 4 Nisi Prius, page 293, in which the judge rendering the decision of the court states it to be his conclusion that the word “may” as used in both Section 5023 and Section 5024 must be read “must.” My attention is also called to the decision of the common pleas court as contained in 9 Ohio Decisions, page 80.1, holding that the words should be used in their ordinary sense and are not mandatory. After a somewhat careful consideration and analysis of these sections, I am convinced that the construction of Judge Jellce and the one which I announced at the time of the trial .is correct and that may is to be read must in both of these sections.
Take Section 5023. It provides that, “An action other than one of those mentioned in the four preceding sections, against a corporation created under the laws of this state, may be brought in the county in which such corporation is situated,” ote. 'Notice that the four preceding sections only apply to a very limited class of cases. Section 5023 covers all other classes of cases against domestic corporations, for the language is, “an action other than one of those mentioned in the four preceding sections.”
As to this large class of cases therefore against domestic corporations, where are they to be brought, if the word may is to be regarded as permissible only? It is claimed that these words extend the jurisdiction only, and are not to be regarded as authorizing the class of corporations therein named to be sued in other counties than those before enumerated. But as to *351 domestic corporations, there is no prior enumeration of any other county or counties in which they may be sued. It can not mean that they may be sued in any county of the state, and then in addition to that they may be sued in other counties. That reduces the construction contended for to an absurdity. There being no limitation or restriction whatever as to the bringing of actions against domestic corporations until we reach Section 5023, any other construction than that this section fixes those counties in which alone domestic corporations may be sued in this class of cases is impossible and absurd. The word “may” in this section can not denote an enlargement of the jurisdiction as to domestic corporations for there has been no restriction provided by any joreceding section. If suits against domestic corporations are not limited to the counties named in that section, where else in the chapter will authority be found for suing them in any other county or counties? It is not a question of strict or liberal construction, but it is a question of the construction which alone the language will permit without reducing it to an absurdity.
I next call attention to the fact that Section 5023 is limited in its scope. It does not apjoly to all actions even against domestic corporations, but only to those other than the ones in the four preceding sections. There is no such limitation as to actions against railroad companies in Section 5024. Section 5023 applies only to domestic corporations. Section 5024 applies generally to common carriers, whether corporations or otherwise, and any corporations, whether domestic or foreign. Furthermore, it will be noticed that as to special classes of corporations, there is express extension of the jurisdiction as to domestic corporations of those particular classes provided for in Section 5023. But from the adoption of the code down to the present time, these two sections, the one relating to domestic corporations and as to actions of a certain kind against them, and the other relating to common carriers and unlimited, have stood side by side. Section 5023 originally limited the jurisdiction as to domestic corporations to the county in which such corporations were situated or had their principal place of busi *352 ness. The ordinary domestic corporation, therefore, as the statute was originally enacted, could only be sued in a single county-; while as Section 5023 was originally enacted, it gave jurisdiction over common carriers in any county into w'hich they might extend their lines. Doubtless the Legislature believed it was conferring a specially liberal jurisdiction over common carriers when it made them liable to suit in any county into which their lines might extend, which would under all ordinary circumstances include its principal office or place of business, and if the word “may” is to be read “must” in Section 5023 and no other construction is possible, I think it must also be read must in Section 5024.
While this question does not seem to have been authoritatively decided in this state, although these two sections have stood side by side for more than fifty years, yet it would seem from the opinion of Judge Bradbury in the ease of The Railroad Company v. Morey, 47 Ohio State, page 207, that this is the view entertained by the Supreme Court as to the construction of this section. If Section 5024 is to be considered as merely extending the jurisdiction over railroad companies beyond that conferred by Section 5023, then railroad companies may not only be sued in any county into which their lines extend, but also wherever a summons may be served upon its president, chairman or president of the board of directors, or other chief officer. I do not believe this construction has been placed upon this section of the statute by the profession generally in this state. As far as my observation goes, it ha's been the uniform practice to bring actions against railroad companies in the counties only into which their lines extend, and this fact in itself is persuasive as to the proper construction to be given to this section.
In the case of The B. & O. Railroad Company v. McPeek, 16 Circuit Court, page 87, Judge Smyser, in the opinion, intimates that in his opinion if no liability had been found to exist against the Hocking Valley Railway Company in that action, there would have been no jurisdiction over the person of the B, & O. Railroad Company.
F. S. Monnett, for plaintiff.
J. E. Saier, for defendants.
The only remaining question to he considered is as to whether the Kanawha & Michigan Railway Company voluntarily submitted itself to the jurisdiction of this court. It was decided in Railroad Company v. Morey, supra, that the court had jurisdiction over the subject-matter, and that as in other cases the defendant might waive its objection to jurisdiction over the person, which of course can never be waived as to jurisdiction of the subject-matter. I think clearly the defendant did not submit itself voluntarily to the jurisdiction. It expressly by its answer objected to the jurisdiction, and after expressly reserving its right, proceeded to answer to the merits. In such a case as this it could pursue no other course. The question of jurisdiction over it could only be determined by a trial of the case upon its merits and a determination of the question of the existence or non-existence of liability on the part of its co-defendant. While the defendant is required to make the objection of want of jurisdiction of the person at the earliest opportunity, this was the earliest opportunity at which the defendant could make the objection. Jurisdiction over the Kanawha & Michigan Company depending upon the liability of its co-defendant, there was no way in which that question could be determined prior to the trial of the merits, and therefore the defendant did not submit itself to jurisdiction by answering to the merits in this action.
After that careful consideration of the question which its importance demands, I am still of the opinion that the court was without jurisdiction over the Kanawha & Michigan Railway Company, after finding that no liability existed against the Toledo & Ohio Central Railway Campany, and for that reason the motion of the plaintiff for a new trial must be overruled.